```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

CAROL DIXON,                   }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }
                               }     2:13-CV-404-WMA
CITY OF BIRMINGHAM, ALABAMA,   }
                               }
     Defendant.                }
```

### MEMORANDUM OPINION

On January 7, 2015, the magistrate judge's report and recommendation was entered in this case, and the parties were allowed fourteen days in which to file objections to the recommendations made by the magistrate judge. No objections to the magistrate judge's report and recommendation have been filed.

After careful consideration of the entire record and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge as its opinion. The court further ACCEPTS the recommendations of the magistrate judge. Accordingly, the court finds and concludes that defendant's motion for summary judgment (Doc. 19) is due to be granted. The action will be dismissed with prejudice as to all counts except Count IV of the amended complaint (Doc. 3). The action as stated in Count IV will be dismissed without prejudice.

The court notes that plaintiff's claim of ADA retaliation is further barred by *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013). In *Nassar*, the Supreme Court

held that a plaintiff asserting a Title VII retaliation claim must satisfy a "but-for" causation standard, meaning that a retaliatory motive must be the only reason for the defendant's actions. Because the language of 42 U.S.C. § 12203, the ADA retaliation provision, is nearly identical to that of Title VII's retaliation provision, this court finds that *Nassar* applies to ADA retaliation cases.

Plaintiff alleges that defendant took two actions in retaliation for her filing of her EEOC charge: (1) denial/delay of IDIS training and (2) failure to promote plaintiff to the position of Principal Administrative Analyst. (Doc. 35 at 16). Because plaintiff also alleges that these actions were taken as discrimination because of her disability (Doc. 35 at 12), she cannot meet her burden of showing that retaliation was defendant's only motivation for the complained-of actions.

A separate order will be entered.

DONE this 27th day of January, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE